UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                 **DECISION & ORDER**
v.                                        19-CR-193 (WFK)

ELIJAH WELLS,

              Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Elijah Wells ("Defendant") brings this motion seeking an order granting his release on unsecured bond pending sentencing. Mot. for Bond ("Def. Mot.") at 1, ECF No. 41. For the reasons discussed below, Defendant's motion is DENIED.

## PROCEDURAL HISTORY

On April 4, 2019, the Government filed a criminal complaint against Defendant charging a violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On April 8, 2019, the Honorable Magistrate Judge Lois Bloom arraigned Defendant on the complaint and ordered Defendant temporarily detained. ECF No. 4. On April 9, 2019, Magistrate Judge Bloom held a detention hearing, at which Defendant presented no bail package, and entered an order of detention. ECF No. 7. A grand jury subsequently returned a single-count indictment (the "Indictment") charging Defendant with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Indictment at 1, ECF No. 8. On May 8, 2019, the Honorable Magistrate Judge Peggy Kuo arraigned Defendant on the Indictment and Defendant entered a plea of not guilty. ECF No. 11. On February 14, 2020, Defendant pled guilty to a single-count superseding information charging a violation of 18 U.S.C. § 922(g)(1). ECF No. 40. Defendant is currently detained in the Metropolitan Detention Center ("MDC") in Brooklyn.

Defendant now brings this motion for release on unsecured bond pending his sentencing. Def. Mot. at 1. In support of the motion, Defendant proposes he be released to home detention

1

with electronic location monitoring at his father's house. *Id.* at 2, 5. Defendant's mother and father are willing to execute a bond on Defendant's behalf. *Id.* at 5.

The Government opposes Defendant's motion, arguing Defendant's motion "does not set forth a sufficient basis to overcome the legal presumption favoring the defendant's continued detention, or extraordinary reasons why failing to release him would be inappropriate." Gov't Letter in Opp'n to Def.'s Mot. ("Gov't Opp.") at 1, ECF No. 42.

## THE COVID-19 CRISIS

Beginning in late February 2020, a new viral infection, COVID-19 has swept into the United States. Derrick Bryson Taylor, *A Timeline of the Coronavirus Pandemic*, N.Y. Times (Apr. 28, 2020), https://www.nytimes.com/article/coronavirus-timeline.html. Since arriving in the United States "the unprecedented and extraordinarily dangerous nature of the COVID-19 pandemic has become apparent." *United States v. Stephens*, 15-CR-95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (Nathan, J.). The novel infection has been found to affect more severely certain groups of people, significantly increasing their risk of death. *Groups at Higher Risk for Severe Illness*, Ctr. for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Apr. 27, 2020). Such groups include people 65 years of age and older and people of all ages with certain underlying medical conditions. *Id.*

In particular, prison populations have been identified as being a potential hotspot for outbreaks of the virus. Tom McParland, *Pressure Grows to Better Address Bail Applications as COVID-19 Hits NY Federal Jails*, N.Y. Law Journal (Mar. 25, 2020, 06:11 P.M.), https://www.law.com/newyorklawjournal/2020/03/25/pressure-grows-to-better-address-bail-applications-as-covid-19-hits-ny-federal-jails/; Emma Brown & Dalton Bennett, *'Disaster*

2

*waiting to happen': Thousands of inmates released as jails and prisons face coronavirus threat*, Washington Post (Mar. 25, 2020, 06:00 AM), https://www.washingtonpost.com/national/disaster-waiting-to-happen-thousands-of-inmates-released-as-jails-face-coronavirus-threat/2020/03/24/761c2d84-6b8c-11ea-b313-df458622c2cc_story.html. Indeed, as of April 28, 2020, the MDC reported 6 confirmed cases of COVID-19 among inmates and 30 confirmed cases among staff at the facility. Letter from M. Licon-Vitale, Warden, MCC New York and D. Edge, Warden, MDC Brooklyn to the Honorable Roslynn R. Mauskopf (Apr. 28, 2020), https://www.nyed.uscourts.gov/pub/bop/MDC_MCC_20200428_052417.pdf. Additionally, as of April 28, 2020, the Federal Bureau of Prisons ("BOP") reports 1,313 confirmed cases of COVID-19 among federal inmates and 335 cases among staff nationwide. Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Apr. 29, 2020).

On March 13, 2020, the BOP issued a COVID-19 Action Plan to reduce the spread and transmission of the virus. Fed. Bureau of Prisons, Bureau of Prisons COVID-19 Action Plan (Mar. 13, 2020), https://www.bop.gov/resources/news/20200313_covid-19.jsp ("BOP Action Plan"). The BOP Action Plan suspended legal visits to inmates for 30 days but allowed for "case-by-case accommodation" at the local level and also specified "confidential legal calls will be allowed in order to ensure inmates maintain access to counsel . . . . If approved for an in-person visit, the attorney will need to undergo screening using the same procedures as staff." *Id.* On March 31, 2020, the BOP announced the implementation of Phase Five of its Action Plan, which includes securing all inmates "in their assigned cells/quarters to decrease the spread of the virus" for 14 days. COVID-19 Action Plan: Phase Five, Fed. Bureau of Prisons (Mar. 31, 2020, 06:30 P.M.), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp. On April 14, 2020, the BOP extended the enhanced measures of Phase Five until May 18, 2020.

3

Press Release, Fed. Bureau of Prisons, Bureau of Prisons COVID-19 Action Plan: Phase Six, https://www.bop.gov/resources/news/pdfs/20200414_press_release_action_plan_6.pdf. The MDC and the Metropolitan Correctional Center ("MCC") in Manhattan also prepared a list of inmates who may be at heightened risk due to the epidemic.

In response to the pandemic, Chief Judge Mauskopf of the Eastern District of New York issued an administrative order excluding time, under 18 U.S.C. §§ 3161(a)–(c), (h)(7)(A), in all criminal matters through April 27, 2020. E.D.N.Y. Admin. Order No. 2020-06. On April 21, 2020, Chief Justice Mauskopf extended the order and excluded time in all criminal matters through June 15, 2020. E.D.N.Y. Admin. Order No. 2020-15. Additionally, under the authority provided by section 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Chief Judge Mauskopf authorized the use of video conferencing and telephone conferencing in, *inter alia*, detention hearings, arraignments, and misdemeanor pleas and sentencings in the Eastern District of New York. E.D.N.Y. Admin. Order No. 2020-13. Chief Judge Mauskopf also ordered the Wardens of the three prisons with pre-trial detainees for the Eastern District of New York to provide twice weekly, written status reports concerning "the incidence of infection of COVID-19 at each facility and the measures undertaken to mitigate the spread of COVID-19 within each facility." E.D.N.Y. Admin. Order 2020-14.

### DEFENDANT'S MOTION FOR BOND

On April 2, 2020, Defendant filed his motion for bond pending his sentencing. Def. Mot. at 1. Defendant argues he is particularly vulnerable to COVID-19 infection because he is asthmatic. *Id.* at 3. In support of his motion, Defendant describes conditions at the MDC and cites to the decisions of various Eastern District and Southern District judges who have granted the release of inmates during the coronavirus pandemic. *Id.* at 3–4. Defendant also submitted a

4

reply in support to provide additional information regarding Defendant's health history and the conditions at the MDC. Reply in Supp. at 1, ECF No. 43.

The Government opposes Defendant's motion, arguing Defendant has not overcome the statutory presumption favoring his continued detention and has failed to present an exceptional reason for his release. Gov't Opp. at 5–6. The Government cites measures taken by the BOP to mitigate the spread of COVID-19 within the BOP and ensure the safety of its staff and inmates. *Id.* at 2–3, 6. The Government also notes Defendant "sets forth no evidence of [an asthma] diagnosis or any other credible basis to conclude that he is uniquely situated with respect to the risk of infection." *Id.* at 6.

## DISCUSSION

18 U.S.C. § 3143 governs the release of a defendant pending sentence. Under that statute, a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officers finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). A more stringent standard applies if the person has been convicted of a crime of violence and is awaiting imposition or execution of sentence. In such a situation, a judicial officer shall order the person detained unless "(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and . . . the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* § 3143(a)(2).

5

Notwithstanding the stringent requirements of 18 U.S.C. § 3143(a)(2), 18 U.S.C. § 3145(c) creates a narrow exception to mandatory presentence detention. *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004). The narrow exception permits release of mandatory detainees "if (1) the district court finds that the conditions of release set forth in § 3143(a)(1) have been met, and (2) 'it is clearly shown that there are exceptional reasons why the [the defendant's] detention would not be appropriate." *Id.* (quoting 18 U.S.C. § 3145(c)) (emphasis omitted). "Exceptional reasons exist when there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" *Id.* (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). "The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as exceptional." *Id.* (quotation omitted).

Here, Defendant pled guilty to the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which is a crime of violence under the Bail Reform Act ("BRA"). 18 U.S.C. § 3156(a)(4) (defining crime of violence); *United States v. Dillard*, 214 F.3d 88, 97 (2d Cir. 2000) ("Our consideration of the precise words of the [BRA], coupled with the legislative history to aid in the interpretation of ambiguous provisions, leads us to the conclusion that the crime of felon-in-possession under section 922(g)(1) falls within section 3156(a)(4)(B)."). The parties do not indicate there is either (i) a substantial likelihood a motion for acquittal or new trial will be granted, or (ii) a recommendation from the Government for a non-incarceratory sentence for Defendant. Accordingly, Defendant is subject to mandatory detention under 18 U.S.C. § 3143(a)(2).

Further, Defendant has failed to satisfy the requirements for release under 18 U.S.C. § 3145(c). First, Defendant has not established by clear and convincing evidence he is not a flight

6

risk or a danger to the safety of the community. Defendant argues "he has demonstrated to this Court that he can comply with conditions of release, following the parameters of his temporary bond strictly, and returning himself to custody as directed." Def. Mot. at 5. To establish he is not a flight risk, Defendant cites to his release on temporary bond to attend his grandmother's funeral and subsequent return to custody without incident. *Id.* at 1. However, such temporary release was only for a period of two hours, during which time Defendant attended the funeral of a relative and was required to be accompanied by his defense counsel, a social worker, or an investigator employed by the Federal Defenders of New York. ECF No. 18.

Second, Defendant fails altogether to address the dangerousness element, thereby failing to establish by clear and convincing evidence he does not pose a danger to the safety of the community. Notwithstanding the present conviction for possession of a firearm, Defendant's prior convictions include a felony for possession of a loaded handgun, felony attempted assault, and misdemeanor assault. Gov't Opp. at 1. These convictions demonstrate a pattern of criminal conduct and, absent additional information from Defendant to the contrary, support the conclusion Defendant poses a danger to the safety of the community. S. Rep. No. 98-225, at 12 (1983) ("The language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community.").

Lastly, Defendant fails to identify an exceptional reason warranting his release. While Defendant cites his asthma and resulting vulnerability as an exceptional reason, Defendant fails to provide health documentation or other information about his conditions that may substantiate his vulnerability. Moreover, during his time at the MDC, Defendant has not reported suffering from asthma or experiencing asthmatic symptoms. Gov't Opp. at 6. The Court also notes Defendant, who is twenty-four years old, does not appear on the BOP's list of vulnerable inmates

7

at the MDC. Much of Defendant's motion focuses on general risks and concerns relating to the COVID-19 pandemic. While the Court is cognizant of the severity of the current pandemic, particularly as it relates to incarcerated individuals, general risks and concerns do not constitute an exceptional reason for release under 18 U.S.C. § 3145(c).

## CONCLUSION

For the foregoing reasons, Defendant's motion for a bail hearing and an order granting his release is DENIED. The clerk is directed to terminate the motion pending at ECF No. 41.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT

Dated: April 29, 2020
       Brooklyn, New York

8