Case 1:19-cr-00193-WFK   Document 56   Filed 06/04/21   Page 1 of 4 PageID #: 415



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MEF
F. #2019R00591

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 7, 2021

<u>By ECF and Email</u>

The Honorable William F. Kuntz, II.
United States District Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Elijah Wells</u>
     <u>Criminal Docket No. 19-193 (WFK)</u>

Dear Judge Kuntz:

  The government respectfully submits this letter in connection with the sentencing of the defendant Elijah Wells, which is scheduled for June 11, 2021.  For the reasons set forth below, the government respectfully submits that a sentence within the United States Sentencing Guidelines ("Guidelines or "U.S.S.G.") range of 30 to 37 months' imprisonment is appropriate in this case.

  I. <u>Background</u>

  On or about April 8, 2019, the defendant was arrested pursuant to a warrant supported by probable cause to believe that, days earlier, he was found by New York City Police ("NYPD") Officers in possession of drugs and a loaded gun.  <u>See</u> Complaint (ECF No. 1).  Specifically, on March 30, 2019, three NYPD officers (the "Officers") were patrolling in an unmarked police car near 108th Street and Stanley Avenue in Brooklyn.  Presentence Investigation Report ("PSR") ¶ 4.  While patrolling that area, the Officers observed a Blue 2013 Lexus Sedan (the "Vehicle"), which was parked approximately one car length from the curb and next to a construction zone.  <u>Id.</u>  The Officers observed smoke emanating from the Vehicle, and they could smell a strong odor of marijuana both from inside of their police vehicle and when they approached the Vehicle.  <u>Id.</u> at ¶¶ 4-5.

  Upon approaching the Vehicle, Officer Brandon Agosto, who was sitting in the rear, observed one male in the driver's seat (the "Driver") and the defendant Elijah Wells in the passenger seat.  <u>Id.</u> at ¶ 5. Officer Agosto informed the Driver that he could smell marijuana emanating from the car, and the Driver stated in substance that he had been

smoking marijuana earlier in the day.  Id.  The Officers could also smell air freshener emanating from the Vehicle.  Id.  Officer Syed Mahmud, who had been driving the police vehicle, asked the Driver if he had just sprayed air freshener, and the Driver responded in substance that Mahmud must be smelling his cologne.  Id.  Officer Agosto ordered the Driver to exit the Vehicle, at which point he observed a marijuana cigarette on the floor of the driver's side of the Vehicle, which he later recovered.  Id.

Sergeant Paul Padilla then ordered the defendant Elijah Wells to exit the Vehicle and asked Wells if he had any weapons on his person.  Complaint ¶ 4.  Wells responded that he did not.  Id.  When Wells exited the vehicle, Sergeant Padilla observed Wells gesture towards the right front pocket of Wells' pants with his right hand.  PSR ¶ 6.  For the safety of the Officers, Sergeant Padilla conducted a pat down of Wells and felt the handle of a firearm in the right front pocket of Wells' pants.  Id.  Sergeant Padilla then signaled to Officer Agosto to come over to the passenger side of the Vehicle.  Sergeant Padilla held the defendant's arms behind his back as Officer Agosto placed handcuffs on him.  Id.  Sergeant Padilla then recovered a loaded .22 caliber firearm from the right front pocket of Wells' pants.  Id.  When Sergeant Padilla showed Wells the aforementioned firearm, Wells stated in sum and substance, "I promise you that shit don't work."  Both Wells and the Driver were placed under arrest.  Id.

Thereafter, the Officers recovered marijuana from the Driver's pants as well as the defendant's right front pants pocket.  Id. at ¶ 7.  An examination of the firearm by law enforcement agents showed it to be manufactured in Brazil.  Id.

At the time of this conduct, the defendant, then 23 years old, had already incurred a felony conviction in New York State for possessing a loaded handgun, as well as convictions for felony attempted assault and misdemeanor assault.  Id. at ¶ 8.

Following the defendant's arraignment, United States Magistrate Judge Lois Bloom entered a temporary order of detention, which she converted to a permanent order of detention on April 9, 2019.

On April 25, 2019, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (the "Indictment").  ECF No. 8.

On February 14, 2020, following the defendant's unsuccessful attempt to suppress evidence, namely, the gun, the drugs and his statement to the arresting officer that the gun was inoperable, see Decision and Order (ECF No. 35), he waived indictment and pled guilty to a superseding information, again charging him with being a felon in possession of a firearm.  The defendant's plea was pursuant to an agreement (the "Plea Agreement"), in which the parties agreed that the applicable Guidelines range was 30 to 37 months' imprisonment.  The U.S. Probation Department later agreed with this calculation.  PSR at ¶ 70.

II.     <u>Argument</u>

The government respectfully submits that a sentence within the Guidelines range of 30 to 37 months' imprisonment would be sufficient, but not greater than necessary, to achieve the goals of sentencing.

The sentencing factors articulated in Title 18, United States Code, Section 3553(a), underscore the need for a substantial term of incarceration in this case. The "nature and circumstances of the offense," possession of a firearm by a previously-convicted felon, is serious.

Moreover, the defendant's particular criminal history underscores the danger presented by his possession of a firearm. As outlined in the PSR, the defendant began committing crimes at a very young age, and he already has two assault convictions, one of which is a felony. <u>Id.</u> at ¶ 26. The felony assault occurred at Riker's Island Correctional Facility, which involved the defendant punching a correction's officer and slamming him to the ground. <u>Id.</u> Additionally, in January of 2019, the defendant was convicted of criminal possession of a weapon in the third degree, which pertained to a .9 millimeter firearm recovered from the defendant upon apprehension. <u>Id.</u> Although it is not the subject of a criminal conviction, it is worth noting that most recently the defendant was found to be in possession of a metal shank while at the Metropolitan Detention Center ("MDC"), which was found under his mattress on September 20, 2020. PSR Addendum at 2. The government does acknowledge, however, that while at the MDC, the defendant has endeavored to improve himself by taking various classes and working as an orderly. <u>Id.</u> at 1.

For these reasons, the Court should impose a sentence within the applicable Guidelines range of 30 to 37 months' imprisonment, to reflect the seriousness of the defendant's crimes and the specific characteristics of this offender. Possession of a firearm by the defendant in this case is a dangerous crime, and the sentence should reflect the specific danger posed by this defendant, as well as the need to promote respect for the law and to underscore that other similarly situated felons should not possess firearms.

III.   Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 30 to 37 months' imprisonment.

                              Respectfully submitted,

                              MARK J. LESKO
                              Acting United States Attorney

By:    /s/
                              Megan E. Farrell
                              Assistant U.S. Attorney
                              (631) 715-7862

cc:    Mia Eisner-Grynberg, Esq. (by ECF and E-mail)
       Clerk of Court (WFK) (by ECF and E-mail)